UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL G. FREED, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12cv177 JD |
| | ) | |
| CAPTAIN TRUAX, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Michael Freed, a prisoner confined at the Miami Correctional Facility ("MCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that MCF officials violated his Fourteenth Amendment due process rights in a prison disciplinary proceeding. The Plaintiff has also filed a motion for a temporary restraining order which states as follows:

> I respectfully ask that since I am incarcerated at the Miami Correctional Facility where the 2 Defendants work that you order a temporary restraining order to keep the Defendants from punishing me further for filing these papers.
> Please, I am worried they might retaliate against me.

[DE 2]

Both the adversarial system of justice and simple notions of fairness require that a defendant generally be notified and afforded the opportunity to respond before being enjoined. A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing of (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 43, 437 (7th Cir. 2005). The Supreme Court of the United States has instructed that *ex parte* temporary restraining orders "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to

hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted). Federal Rule of Civil Procedure 65(b) specifies the following requirements for the issuance of a temporary restraining order without notice:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Plaintiff has not met these requirements. He has not shown by specific facts set forth in an affidavit or a verified complaint that immediate and irreparable injury, loss, or damage will result to him before the Defendants can be heard in opposition. Additionally, no proper certification in writing shows efforts made to give notice and the reasons why notice should not be required.

Because the Plaintiff has not provided notice to the Defendants and has not met these procedural requirements, his request for a temporary restraining order must be denied. But if the plaintiff refiles the request with notice to the defendants, the Court will properly consider it as a request for preliminary injunction under Rule 65.

For the foregoing reasons, the Court DENIES the Plaintiff's *ex parte* motion for a temporary restraining order motion [DE 2] without prejudice to his right to refile his request for preliminary injunction with notice to the Defendants.

SO ORDERED.

ENTERED: May 3, 2012

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court