UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL G. FREED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-177 JD |
| | ) | |
| CAPTAIN TRUAX, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Freed, a prisoner confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, naming Correctional Captain Truax and Correctional Lieutenant Clothia as defendants. Freed alleges that Captain Truax lied in a conduct report he wrote against Freed (by reporting that Freed admitted to beating up Terry West), that on December 8, 2011, Lieutenant Clothia found him guilty of the disciplinary violation without letting him see pictures that were used as evidence against him and should have been provided pursuant to jail policy, and that Lieutenant Clothia lied about him in official documents related to this disciplinary action (by indicating that Freed refused to sign a remittance slip). Freed alleges that after finding him guilty of the conduct report that Captain Truax filed, Lieutenant Clothia placed Freed in disciplinary segregation for six months, took away his phone/commissary for thirty days, and took away thirty days of earned credit time. Freed does not ask for damages, and only asks the Court to "revoke" his segregation time, place him in general population, and require his receipt of the evidence used against him [DE 1 at 8].

This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner

complaint against governmental entities, employees, or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570; *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. Legal

2

conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. ebay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review the *pro se* Plaintiff's submission more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Freed asserts that Captain Truax and Lieutenant Clothia lied about him in official reports [DE 1 at 4, 6]. He specifically alleges that Captain Truax lied in the "writeup" that charged Freed with a disciplinary offense by stating that Freed "told him that I beat Terry West over something that happened at Westville" [DE 1 at 4]. He also alleges that Lieutenant Clothia denied Freed the evidence that was used against him during the disciplinary hearing (that resulted from Captain Truax's writeup against him) and Lieutenant Clothia lied when he indicated on the remittance slip that Freed refused to sign it [DE 1 at 4-6]. Essentially, given the false accusations of misconduct contained in the writeup and Freed's inability to review the evidence against him,

3

Freed seemingly argues that his due process rights were violated and therefore his segregation time should be revoked.

Freed brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. In considering the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, the United States Supreme Court concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)); *see Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. . . . [s]tate prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions") (citations and internal citations omitted). Because the loss of good time credits increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990) (petitioner claimed that his loss of good time credits was the result of a prison proceeding which violated his procedural due process right to call witnesses); *see Bartley v. Wis. Dep't of Corrs.*, No. 07-2059, 258 Fed. Appx. 1, 2 (7th Cir. Dec. 6, 2007) (unpublished) (holding that "[a] prisoner

cannot, for example, use § 1983 to challenge the revocation of good time credits which, if restored, would lead directly to a shorter sentence") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Thus, while Freed does not explicitly request that his good time credit be restored, to the extent that Freed is attempting to bring a claim that the loss of his good time credit lengthened his confinement, he must bring his claim as a habeas action rather than as a § 1983 action. *See Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996) (admonishing district courts not to convert civil rights complaints into habeas corpus petitions). Accordingly, in this respect the Court will dismiss without prejudice to the plaintiff's right to file a habeas corpus petition any claim made asserting that his loss of good time credit was the result of his being denied due process in this prison disciplinary action. *See Williams v. Wis.*, 336 F.3d 576, 580 (7th Cir. 2003) (noting that normally collateral attacks disguised as civil rights actions should be dismissed without prejudice, rather than with prejudice, so that the plaintiff may decide whether to refile the action as a collateral attack after exhausting available state remedies).

However, Freed filed a form prisoner complaint under 42 U.S.C. § 1983 which explicitly asks the Court to allow him to receive the evidence to challenge his disciplinary sanctions and "revoke" his six months of segregation and place him "into population"—injunctive type of relief [DE 1 at 8]. Freed does not seek damages. Again, Freed seeks relief based on his assertion that Captain Truax lodged false accusations against him which led to a hearing wherein he was denied his request for evidence, when jail policy required that such evidence be provided unless a documented written explanation for its denial was given [DE 1 at 5].

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered

5

with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (citations omitted). Accepting as true all well-pleaded facts and drawing all permissible inferences in Freed's favor, Freed has sufficiently alleged enough to pass the screening stage in asserting this claim.

Relative to meeting the requirement that Freed sufficiently plead a liberty interest that the state has interfered, the Seventh Circuit has made clear that the United States Supreme Court's decisions in *Sandin* and *Wilkinson* establish that disciplinary segregation can trigger due process protections depending on the duration and conditions of segregation. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citing *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005); *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). A liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh. *Id.* at 697-98. Given that six months of segregation may trigger due process rights depending on the conditions of Freed's confinement, *see Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (noting that six months of segregation is "not such an extreme term" and, standing alone, would not trigger due process rights, but, remanding the case for a factual inquiry as to whether the conditions of the prisoner's confinement "were significantly altered when he was placed in segregation"), the Court must take into consideration all of the actual circumstances of Freed's segregation confinement in order to ascertain whether a liberty interest is implicated. *Marion*, 559 F.3d at 698-99. That Freed's claim of confinement in segregation for six months may implicate a liberty interest makes further fact-finding necessary, *see Marion*, 559 F.3d at 694, and therefore Freed shall be allowed to develop a factual record of the conditions of his confinement during his period of segregation.

Looking to whether the procedures Freed was afforded upon that deprivation were constitutionally deficient, *see Scruggs,* 485 F.3d at 939, Freed contends that he was denied evidence used to discipline him without any explanation. Recognizing that these factual allegations are somewhat sparse, the Court finds that Freed has alleged enough to state a claim at this stage. *See id.* (due process requires that prisoners in disciplinary proceedings be given: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.). Given the inferences to which Freed is entitled, his allegation that material evidence was withheld from him may state a claim upon which relief can be granted under § 1983, assuming his claim has not since become moot.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the Court DISMISSES the Plaintiff's claim for loss of good time credit without prejudice to his right to present his claim in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the Court GRANTS Plaintiff leave to proceed on his request for injunctive relief under 42 U.S.C. § 1983 alleging that Captain Truax and Lieutenant Clothia denied him due process of law during a disciplinary hearing that resulted in six months of segregation; pursuant to 42 U.S.C. § 1997e(g)(2), the Court ORDERS that Defendants respond to the complaint as provided in the Federal Rules of Civil Procedure; and the Court GRANTS the Plaintiff's motion for service of process by the United States Marshal [DE 3] and DIRECTS the United Sates Marshals Service to effect service of process on the Defendants, and DIRECTS the clerk's office to ensure that a copy of this order is served on

Defendants, along with the summons and complaint.

SO ORDERED.

ENTERED:  August 8, 2012 

      /s/ JON E. DEGUILIO
Judge
United States District Court