UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL G. FREED, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:12-CV-177 CAN ) |
| CAPTAIN TRUAX, *et al.*, | ) ) |
| Defendants. | ) |

OPINION AND ORDER

Michael Freed, a prisoner confined at the Miami Correctional Facility ("MCF"), filed a complaint against Captain Dale Truax and Lieutenant Matthew Clothier;[1] the Court screened the complaint pursuant to 28 U.S.C. § 1915A, granted Freed leave to proceed against the Defendants on his claim that they denied him due process of law during a disciplinary hearing, and dismissed all other claims. The Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), asserting that Freed did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because Defendants have presented matters outside the pleadings that the Court has not excluded, the Court treats Defendants' motion as one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding

---

[1] The complaint identifies the Defendants as Captain Truax and Lieutenant Clothia. The Defendants, have identified themselves as Dale Truax and Matthew Clothier (DE 26 n. 1).

conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000). Because the Defendants are the moving party, and because they bear the burden of proving the affirmative defense of lack of exhaustion, the court must "extract all reasonable inferences from the evidence in the light most favorable to" Freed as the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The Defendants assert that Freed did not file a grievance before he filed his complaint against them. In support of their summary judgment motion, the Defendants submit a copy of the Indiana Department of Correction ("IDOC") policy governing the department's grievance process (DE 26-2), a copy of the history of grievances filed by Freed (DE 26-3), and the declaration of WCF official Clair Barnes, in which she states that the grievance policy (DE 26-2) was in effect when Freed's claims arose, and that there is no record that he filed a grievance concerning the claims he raises in his complaint (DE 26-1).

The Defendants' submissions establish that the IDOC had a grievance policy in effect in December 2011, when Freed's claims arose, and that he did not file a grievance dealing with his claim that the Defendants denied him due process of law during a disciplinary hearing. But the Defendants' submissions also establish

2

that the claims before the Court were not grieveable, and that therefore, Freed was under no obligation to attempt to grieve them through the IDOC's grievance process before filing his complaint in this court.

In its screening order, this Court:

> [Granted] Plaintiff leave to proceed on his request for injunctive relief under 42 U.S.C. § 1983 alleging that Captain Truax and Lieutenant Clothia denied him due process of law during a disciplinary hearing that resulted in six months of segregation.

DE 8 at 7.

The IDOC grievance policy explicitly provides that disciplinary actions are not grieveable:

> B. Some issues cannot be resolved by the Department or the facilities and the offender will need to proceed through other channels in order to attempt to address these issues. Other issues are, by their nature, not of a type that can properly be addressed through the Offender Grievance Process. Some of these types of issues are, but are not limited to:
> * * *
> 6. Disciplinary actions or decisions (a separate disciplinary appeal process is in place for this purpose);

DE 26-2 at 5-6.

This case is before the Court on the Plaintiff's claim that the Defendants denied him due process during a disciplinary action against him. The IDOC grievance policy provides that disciplinary actions or decisions are not grieveable through the department's grievance procedure. "If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, Freed was under no

3

obligation to file a grievance concerning the Defendants' alleged denial of due process during a disciplinary hearing, and § 1997e(a) does not preclude him from bringing this action.

For the foregoing reasons, the court DENIES the Defendants' motion for summary judgment (DE 25), and LIFTS the stay on discovery.

**SO ORDERED.**

Dated this 30th Day of May, 2013

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
