UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL G. FREED, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:12-CV-177 CAN |
| vs. | ) | |
| | ) | |
| CAPT. TRUAX, and LEUTINANT CLOTHIA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the summary judgment motion filed by the defendants. The parties agree that there are no disputed issues of fact. They also agree that the only remaining issue is whether Michael G. Freed, a *pro se* prisoner, can get a copy of photographs showing the injuries suffered by Terry West, a fellow inmate whom Freed was found guilty of having attacked. The defendants argue that inmates are never permitted to have such photos without a court order. Freed argues that sometimes they are permitted to have such photos. In support of his argument, he has attached photos of an injured inmate that he says were given to his attacker in an unrelated disciplinary hearing. He argues that because some attackers receive photos showing their victim's injuries, he should too. However, this response misses the mark. The question before the court on summary judgment is not whether some inmates have been given photos of their victim's injuries. The question is whether Freed is legally entitled to the photos of Terry West.

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, that is Freed. Nevertheless, summary judgment "is the put up or shut up moment in

a lawsuit . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). The defendants argue that Freed has no legal basis for compelling them to give him the photos. Though these photos were a part of the prison disciplinary hearing where Freed was found guilty of attacking Terry West, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Freed has provided no explanation for how he could possibly prevail on this claim. He has not explained on what legal basis he is entitled to these photos or even what use they could be to him.

Though the court could grant the summary judgment motion now, pursuant to Federal Rule of Civil Procedure 56(e)(4), Freed will be granted one last opportunity to address these concerns and explain why the motion should not be granted. For the foregoing reasons, Michael G. Freed is **GRANTED** until July 24, 2014, to file a supplemental brief in response to the summary judgment motion. He is **CAUTIONED** that if he does not respond by that deadline, the summary judgment motion will be granted without further delay.

SO ORDERED.

Dated this 17th Day of June, 2014.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge